. No. 35,889

In the Matter of the Estate of John Colclazier, Deceased. (THE STATE DEPARTMENT OF SOCIAL WELFARE OF KANSAS, *Appellant*, v. J. G. BENNETT, as Administrator, etc., *Appellee*.)

(139 P. 2d 152)

Opinion filed June 12, 1943.

*Harold R. Fatzer,* of Topeka, argued the cause, and *H. E. Crosswhite,* of Topeka, was on the briefs for the appellant.

*O. G. Underwood,* of Greensburg, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding in probate court instituted by the state department of social welfare for money alleged to be due the state from the estate of the father of an insane person for the maintenance of the insane person in the state hospital for the insane. On appeal to the district court judgment was given the board for a smaller amount than that for which it had asked. The board has appealed.

The insane person was admitted to the hospital September 23, 1934, as a private patient. John Colclazier was his father. A few days prior to June 9, 1942, John died. At that time the son was still living and confined to the state hospital and had been from the time he was first admitted. On June 9, 1942, the state board of social welfare filed a written demand on the administrator of John's estate for compensation for 379⁴⁷ weeks at five dollars a week for the care and maintenance of the insane person. This claim amounted to $1,897.84. On June 13, 1942, the state department of social welfare

filed this claim against the estate. In it the board alleged the facts about the commitment of the son to the hospital and his confinement there; that John was his father and that the father was liable to the board in the amount of $1,897.84 and that this was a legal charge against his estate in accordance with G. S. 1939 Supp. 59-2006, as amended. A copy of the claim was attached to the petition. It was duly filed and set down for hearing on July 11, 1942. On July 9, 1942, counsel for the administrator of the estate filed an answer to the claim. In this answer the administrator alleged first a general denial. He alleged further that, until June 9, no demand had been made upon the deceased during his lifetime or upon any other person who was bound to support the patient. The answer further alleged that the claim was barred by the statute of limitations for the period of time prior to one year immediately preceding June 9, 1942. The probate court heard the claim and allowed it in the amount of $135 or for a period of twenty-seven weeks. In due time the board appealed from that order. On appeal the district court allowed the claim in the sum of $260 and disallowed the balance. The court found that a written demand for the full amount was made on June 9, 1942; that the insane person was admitted to the state hospital on September 23, 1934, as a private patient; that deceased was the father of the insane person; that the claim of the board should be allowed in the sum of $260. Judgment was given for that amount. A motion for a new trial was filed and overruled and hence this appeal.

The statute mentioned in the claim filed by the board appears in the 1941 Supplement (G. S. 1941 Supp. 59-2006). It reads as follows:

"The following shall be bound by law to support persons committed to or received as patients at the state hospitals, as that term is defined in subsection 3 of section 59-2001 of the General Statutes Supplement of 1939: Spouses, parents and children. The maintenance, care, and treatment of such person shall be paid by the guardian of his estate, or by any person bound by law to support him, or by the county. In case of payment by the county it may recover the amount paid by it from the estate of such person or from any person bound by law to support such person. The state may recover the sum of five dollars per week, to be applied on the maintenance, care, and treatment of a patient in a state hospital, from the estate of such person, or from any person bound by law to support such person. The state shall annually make written demand upon the spouse, parents, or children liable for the support of the patient for the amount claimed by the state to be due for the preceding year, and no action shall be commenced by the state against such spouse, parents or

children for the recovery thereof unless such action is commenced within three years after the date of such written demand."

The trial court took the position that under the provisions of that statute it was the duty of the board to make an annual demand upon any one it sought to hold secondarily liable for the maintenance of an insane person; that this liability accrued at the end of each year and that such demand could be for the maintenance of the patient for a year or 52 weeks only.

The board argues that the limitation provided by the provisions of G. S. 1941 Supp. 59-2006, whereby an annual demand must be made upon one whom the state seeks to hold secondarily liable for the cost and maintenance of an insane person, does not apply to a situation such as this where the attempt to enforce the liability is by means of a proceeding in probate court rather than an action in district court, that is, the board draws a distinction between the situation where an action is brought in the district court against a spouse, parent or child of an insane person to enforce the liability and one such as we have here where the attempt to enforce the liability is by means of a proceeding in probate court pursuant to the provisions of G. S. 1941 Supp. 59-2201 to 59-2213 and 59-2236 to 59-2239. It should be noted that the latter sections are the ones which provide for the exhibiting and allowance of demands against an estate and that all demands, including demands of the state, against a decedent's estate, not exhibited, as required by the act within nine months after the date of the first published notice shall be forever barred.

This argument takes us to an examination of the statute for the enforcement of this liability as it existed prior to the enactment of the section upon which the board bases its action, that is, G. S. 1941 Supp. 59-2006. That statute was G. S. 1935, 39-232 and 39-233. It was first enacted at the session of 1907 (Laws 1907, ch. 247, §§ 32, 33.) It provided that where a county paid for the support and care of a person who had been adjudged insane the amount might be recovered by the county from the estate of the insane person or from any person who was bound by law to provide for the insane person. It also provided that the state might recover the per capita cost of the maintenance and care of an insane person in a state hospital from the estate of such person or from any person who was bound by law to provide for and support the person. Section 33 of that act provided that the persons referred to should be the husband

for the wife and the wife for the husband, the parents for the children and the children for their parents. It should be noted there was no provision in this section limiting the time within which the demand must be made, to recover the cost on the part of the state and the section did not state that the recovery could be had from the estate of one who was liable secondarily. This section was amended in 1927 by section 1 of chapter 229. This section provided that the state could recover five dollars per week unless the estate was needed for the support in whole or in part of the husband, wife, parents, children, grandparents, brothers or sisters of the insane person. It provided also that the amount of this expense should be a charge against the estate of the insane person both during his lifetime and after his death and that the amount should be collected quarterly by the state and should be at a rate not to exceed five dollars per week to be set by the board of administration. The section also provided that the board of administration was authorized to bring suit against the estate of any person failing to make the payment as required by the act and if judgment was obtained it should constitute a lien against the estate of such person. This act was again amended by section 1 of chapter 189 of the Laws of 1935, the amendment being that in a case where the board of administration failed to institute proceedings against the estate of an incompetent person within a year after his death his real estate should be free from any lien or claim of the state for his support.

We have then the situation that prior to the enactment of G. S. 1939 Supp. 59-2006, which is now the same section of G. S. 1941 Supplement, the provision that where a person had been committed to a state hospital for the insane the state could recover five dollars a week to pay the cost of the maintenance of the insane person, first from the estate of the insane person himself, and second, from any person who by law was bound to provide for the support of such person unless the estate was needed for the support of certain relatives and that the expenses incurred by the state for the treatment of the insane person should be charged against his estate both during his lifetime and after his death; that the amount should be collected quarterly by the state board of administration at the rate of not to exceed five dollars per week and that the state board of administration was authorized to bring suit against the estate of the insane person or against any person secondarily liable; that there was limitation as to the time within which such an action

must be brought against those secondarily liable and that in order for the judgment to constitute a lien against the estate of the insane person the action must have been brought within a year after the date of his death. (See G. S. 1935, 39-232.)

At the session for 1939, chapter 180 of the Laws of 1939, known as the Probate Code, was enacted. It was a comprehensive chapter intended to cover all matters that come before the probate courts of the state. Amongst other things it did was to repeal article 2 of chapter 39 of the General Statutes of 1935. This repealed G. S. 1935, 39-232, which covered all the sections and enactments we have just been discussing.

Section 170 of chapter 180 of the Laws of 1939 is G. S. 1941 Supp. 59-2006. That is the only section which provides for the state recovering from a spouse, child or parent for the cost and maintenance of an insane person. The same provision that repealed the sections to which reference has just been made also repealed the provision providing for the state bringing an action. Thus we have the entire subject covered by the section upon which this demand was based, that is, G. S. 1941 Supp. 59-2006.

This all brings us to a consideration of the provisions of G. S. 1941 Supp. 59-2006. The first sentence of that section provides that spouses, parents and children shall be bound by law to support patients at state hospitals. The next sentence provides that such maintenance shall be paid by the guardian of the estate of the insane person or by any person bound by law to support the insane person, that is, the spouse, parents or children or by the county. The next sentence has to do with cases where the county has paid the state for the maintenance of an insane person. We are not concerned with that here. The next sentence provides that the state may recover the sum of five dollars per week to be applied on the cost of the maintenance of a patient in a state hospital from the estate of such person or from any person bound by law to support such person. As that sentence reads it is clearly a proviso that the state may recover the amount provided by any legal method. It should be noted that the statute does not so far contain the provision which we found in the General Statutes of 1935 that the state board of administration was authorized to bring suit. The next proviso of that section is as follows:

"The state shall annually make written demand upon the spouse, parents,

or children liable for the support of the patient for the amount claimed by the state to be due for the preceding year. . . ."

It should be noted that where the old section had provided that the state should collect the reimbursements quarterly the present section provides implicitly that a demand shall be made in writing annually upon those which the state seeks to hold secondarily liable and the amount claimed must be due for the preceding year, that is, for the year just before the demand was made. There is a comma in the section and then the following proviso:

". . . and no action shall be commenced by the state against such spouse, parents or children for the recovery thereof unless such action is commenced within three years after the date of such written demand."

The section must be construed as a whole since it is the only enactment providing for the collection of any money from anybody to pay the cost of maintenance of an insane person and the means by which it shall be collected. When we do this we are led to the conclusion that the cause of action accrued only when the annual written demand for which the section provided had been made, and that the words "No action shall be brought" mean no action or proceeding shall be commenced by the state unless commenced within three years of the time when each annual demand was made. Since the accrual of the cost of action for the benefit of the state depends upon the written demand being made, and since this section is the only section which provides for any payment at all, it would not do to say that this section did not apply where the effort to collect from the person sought to be held secondarily liable was made after that person's death from his estate rather than by means of an action under the civil code while he was living.

The board next argues that in case this court should' hold the limitation provided in G. S. 1941 Supp. 59-2006 applies to the filing of a claim against the estate of a deceased relative bound to support the patient, still the demand which was made on June 9 for the $5 a week for the entire number of weeks that the patient had been confined was sufficient to comply with the act so that the action could be brought or demand made to collect this for the entire number of weeks rather than for a year only. An examination of the statute is the best answer to this. The statute provides that a claim shall be filed for the amount claimed to be due for the preceding year. If the legislature had intended that the claim should be made for the amount due or for any number of weeks greater

than the year then it would have used the language "for the amount due." However, it did not do that. It used the language "for the amount due for the preceding year." This leads us to the conclusion that the claim against the estate of John Colclazier in this case was good for only one year or 52 weeks, which the trial court allowed.

The board next argues that the court should have found that the demand had been made for the maintenance of the insane person in this case before the death of John Colclazier. There is some evidence of a demand having been made but it was a demand against John Colclazier as the guardian of the estate of the insane person, not John Colclazier because he was secondarily liable. That would not meet the situation provided for in this statute. During the time that John Colclazier was alive demand could have been made against him personally because he was secondarily liable or against the estate of the patient. This was not a demand against Colclazier individually.

The judgment of the trial court is affirmed.