No. 40,545

THE STATE DEPARTMENT OF SOCIAL WELFARE OF KANSAS, *Appellant*, v. CHARLES SHOEMAKER, *Appellee*.

(312 P. 2d 1082)

*Charles V. Hamm,* of Topeka, argued the cause, and *John Anderson, Jr.,* Attorney General, *Paul E. Wilson,* Assistant Attorney General, and *Hart Workman,* of Topeka, were with him on the briefs for the appellant.

*J. Ashford Manka,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, William I. Robinson, Clifford L. Malone, Mark H. Adams, II,* and *John S. Seeber,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the state department of social welfare (plaintiff, appellant) to recover from Charles Shoemaker (defendant, appellee) under the provisions of G. S. 1955 Supp., 59-2006, the statutory amount allowable for the care and maintenance of defendant's father, an insane patient at a state hospital. From an order of the trial court sustaining defendant's demurrer to its amended petition, plaintiff appeals.

Omitting the formal parts, the petition alleged, insofar as pertinent, that the patient, Harry L. Shoemaker, had been adjudged insane and admitted to the state hospital at Larned; that defendant was the son of the patient and a responsible relative and bound by the statute to support his father; that no guardianship of the patient's estate had been undertaken; and that upon investigation no real or personal property was found to belong to the patient. It was further alleged that at the time the patient was committed he was the father of seven children whose names were set out therein, but that the addresses of five of them were unknown; that Mary Shoemaker, wife of the patient, had obtained a divorce from him after his commitment and her whereabouts were unknown. It was further alleged that plaintiff complied with all of the provisions of the statute relative to making written demands upon defendant for reimbursement for the care, maintenance and treatment of the patient; that like demands were made upon a daughter of the patient, Evalena Abercrombie; and that copies of all such demands were attached to the petition. Judgment was asked against defendant for the amount due under the statute for the care, maintenance and treatment of the patient.

Pertinent portions of G. S. 1955 Supp., 59-2006, read:

"The following shall be bound by law to support persons committed to or received as patients at the state hospitals, . . . Spouses, parents and chil-

dren. Payment for the maintenance, care and treatment of any patient shall be paid quarterly by said patient, by the guardian of his estate, or by *any person* bound by law to support him. The state department of social welfare may recover the sum of twelve dollars ($12) per week as compensation for the maintenance, care, and treatment of a patient in a state hospital, from such patient when no legal disability exists, from the estate of such person, or from *any person* bound by law to support such person. The state department of social welfare shall annually make written demand upon the spouse, parents, or children liable for the amount claimed by said department to be due for the preceding year, . . . The board of social welfare shall have the power to compromise and settle any claim due or claimed to be due from such spouse, parents or children, for the care, maintenance and treatment of any patient, and may, upon payment of a valuable consideration by *said person* bound by law to support him, discharge and release *said person* of any or all past or future liability herein, . . ." (Emphasis supplied.)

Plaintiff contends that the defendant may be served with written demand and sued individually for the reason that the mentioned statute imposes joint and several liability on the children for the support of the father. Defendant contends that in order for plaintiff to state a cause of action against one of the children of the patient there must be written demand made upon all of the children and where such demand has not been made the petition fails to state a cause of action. Contentions of the parties resolve into the question of whether the statute imposes a joint and several liability on the members of the class responsible for the support of the patient.

This question has not been previously presented to this court and inasmuch as the statutes of other jurisdictions generally differ from ours, there is little authority on the question before us. However, a somewhat similar statute was before the supreme court of Oregon in *In re Idleman's Commitment*, 146 Ore. 13, 27 P. 2d 305, where the statute imposed secondary liability as follows:

"The husband for the wife, the wife for the husband, the parent or parents for his or her children, *and the children for their parents*, according to their respective abilities to pay." (Emphasis supplied.)

The court expressed the opinion that the act was not worded as clearly as might be desired but concluded:

"The liability of the relatives, in our opinion is joint and several."

The state department of social welfare is required by the mentioned statute to make annual written demand upon one whom the state seeks to hold secondarily liable for the support of an insane person. Our previous decisions have held this provision

to be a condition precedent to collection. (*In re Estate of Glass,* 175 Kan. 246, 262 P. 2d 934; *In re Estate of Colclazier,* 157 Kan. 125, 139 P. 2d 152; and *In re Estate of Caplinger,* 157 Kan. 131, 139 P. 2d 156.)

The statute in question says that the following shall be bound by law to support persons committed as patients to a state hospital: "Spouses, parents and children." This portion of the statute enumerates the *various classes* of individuals who shall have an obligation to support their relatives in a state hospital. The next section provides that payment for the maintenance, care and treatment of any patient shall be made quarterly by the patient or by *any person* bound by law to support the patient. It further provides the board with power to compromise claims due from the relatives enumerated and to make individual compromises with the individual children, inasmuch as the statute says, "and may, upon payment of a valuable consideration by *said person* bound by law to support him, discharge and release *said person* of any or all past or future liability." (Emphasis supplied.)

G. S. 1955 Supp., 59-2003, provides that the probate court at the time of the inquest, shall inquire into the pecuniary position of the patient and those bound by law to support him and shall transmit to the superintendent a statement showing the assets and liabilities of the patient and of those bound by law to support him.

It is apparent from the aforementioned statutes that the legislature recognized that some of the relatives of a patient might be able to pay the costs of the support of such patient and, therefore, made provision whereby the state department of social welfare could obtain payment from certain persons liable for support of the patient, thereby placing the burden on those financially able to pay.

It seems clear that G. S. 1955 Supp., 59-2006, imposes a liability not only upon the classes enumerated but also upon any member thereof. At the beginning this statute sets out in the plural the classes of persons liable for the support of the patient. However, the specific payment section and the section authorizing recovery refer to those liable in the singular, which would indicate that the action for recovery could be brought against any one individual of the class the board seeks to hold liable.

We are of the opinion that the obligation of the relative or relatives named in the statute for the support of a patient in a state

hospital is a contingent, joint and several liability created by the statute. The procedural requirements of written demand upon the "Spouse, parents, or children" must, when read into the context of the statute imposing joint and several liability, as we have concluded, be interpreted to mean that notice is required to those against whom suit is to be brought. In other words, notice is required only to those upon whom liability is to be imposed.

It follows that the judgment of the trial court is reversed and the case is remanded with directions to proceed in accordance with the views herein expressed.

It is so ordered.